NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHRISTIANA ITIOWE., | : |
| Plaintiff, | : Civil Action No. 13-cv-5779 (JAP) |
| v. | : OPINION |
| THE TRENTONIAN OWNER AND CEO, JOHN PATON OF JOURNAL REGISTER COMPANY, JOURNAL REGISTER COMPANY, THE STATE OF NEW JERSEY IN CARE OF THE CITY OF TRENTON, OFFICE OF THE GOVERNOR, THE CITY OF TRENTON, MR. MACK/ACTING MAYOR, | : |
| Defendants. | : |

PISANO, District Judge

Currently pending before the Court are three (3) motions: (1) Defendants, the City of Trenton and former Mayor Mack's (collectively "Defendants") motion to dismiss [docket #30]; (2) Plaintiff, Christiana Itiowe's ("Plaintiff") motion to amend her complaint [docket #33]; and (3) Plaintiff's motion to change venue [docket #44]. The Court considered the papers filed by the parties and rules on the written submissions without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons that follow, this Court GRANTS Defendants' motion to dismiss [docket #30]; DENIES Plaintiff's motion to amend her complaint [docket #33]; and DENIES Plaintiff's motion to change venue [docket #44].

I.     BACKGROUND

Plaintiff's *pro se* amended Complaint, received by the Court on December 3, 2013, arguably consists of a first amendment violation.[1] The claims in Plaintiff's Complaint suffer from vagueness and ambiguity that make it difficult to discern their legal or factual basis. The following allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this Court's review only.  Plaintiff alleges that her and her sister, Victoria Itiowe's freedom of the press rights were violated when Plaintiff was allegedly terminated from WIMG 1300AM radio station. It appears as though Plaintiff believes her rights were violated when she was pursuing a former lawsuit, docket no. 12-cv-6977, and was terminated in light of this suit and because she was attempting to care for her sister.  Further, Plaintiff alleges that she was attacked when she tried to discuss her former lawsuit on the air, and was retaliated against and harassed because she made a report regarding Trenton's police force. Plaintiff claims that in terminating her, Defendants' failed to "car[e] a bit about [her] life just as they did not give a crap about [her] sisters stance of being born with sickle cell disease either."  Although it is often unclear which act or Defendant Plaintiff is attributing various facts to, Plaintiff contends that her and her sister's first amendment freedom of the press rights were violated.

## II.     DISCUSSION

"Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to give the defendants fair notice of what the . . . claim is and the grounds on which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While *pro se* plaintiffs are not held to same strict standards

---

[1] Plaintiff has made numerous subsequent submissions to the Court and given Plaintiff's *pro se* status, the Court liberally construes the Complaint and Plaintiff's other submissions together in ruling on the pending motions. *See Wallace v. Fegan*, 455 Fed.Appx. 137, 139 (3d Cir. 2011). For the purpose of clarity, the Court hereinafter refers to all of Plaintiff's pleadings and submissions collectively as Plaintiff's Complaint.

as attorneys, "they also cannot be excused from compliance with the plain text of the federal rules." *Joseph v. Lopez,* No. 05-1640, 2007 WL 1135297, at *2 (D.N.J. Apr. 11 2007).

### A. Dismissal Pursuant to Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint if the plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In determining the sufficiency of a *pro se* complaint, the Court must be mindful to construe it liberally in favor of the Plaintiff. *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972); *United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." *Morse v. Lower Merion Sch. Dist.,* 132 F. 3d 902, 906 (3d Cir. 1997). However, the Court need not credit a *pro se* plaintiff's "bald assertions" or "legal conclusions." *Id.* The factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible of its face." *Twombly*, 550 U.S. 544 at 555.

Even after taking into account Plaintiff's *pro se* status and reading the Complaint liberally, the Court finds that Plaintiff's pleadings lack a "short and plain statement" of the grounds for jurisdiction and fail to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Plaintiff's extensive pleadings are confusing and contain mostly unintelligible allegations asserting a variety of seemingly unrelated claims and fail to provide defendants with fair or adequate notice of the claims against them or establish that Plaintiff is entitled to relief as required by Federal Rule of Civil Procedure 8(a)(2). *See Twombly*, 550 U.S. 544 at 555. Accordingly, the Court finds that the substantial deficiencies in Plaintiff's pleadings warrant dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6).

### B. Dismissal Pursuant to Rule 12(b)(1)

Plaintiff's complaint is also subject to dismissal for lack of subject matter jurisdiction. Federal courts are of limited jurisdiction and are bound to determine whether they have jurisdiction even if none of the parties to an action have made a jurisdictional challenge. *Upp v. Mellon Bank, N.A.,* 510 U.S. 964 (1993). Pursuant to Federal Rule of Civil Procedure 12(b)(1), the Court must dismiss a complaint, in whole or in part, if the plaintiff fails to establish that the Court has jurisdiction over the claim.

### *i. Standing*

"Standing is a threshold jurisdictional requirement, derived from the 'case or controversy' language of Article III of the Constitution." *Pub. Interest Research Grp. Of N.J., Inc. v. Magnesium Elektron, Inc.,* 123 F.3d 111, 117 (3d Cir. 1997). The party invoking federal jurisdiction bears the burden of establishing constitutional standing at the outset of the litigation. *Lujan v. Defenders of Wildlife,* 504 U.S. 551, 561 (1992). If the minimum requirements of Article III standing are not met, "a federal court does not have subject matter jurisdiction to address a plaintiff's claims, and they must be dismissed." *Storino v. Borough of Point Pleasant Beach,* 322 F.3d 293, 296 (3d Cir. 2003).

For a plaintiff to have standing, the following three requirements must be met: (1) the plaintiff must have suffered an injury in fact that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.,* 528 U.S. 167, 180-81 (2000).

Plaintiff states that she is bringing this lawsuit on behalf of herself and her sister, Victoria Itiowe. Specifically, Plaintiff alleges that "[her] sister's freedom of speech rights" were violated.

4

While the Court makes no judgment as to the merits of Victoria Itiowe's potential claims, the Court finds that Plaintiff has failed to demonstrate that she has personally suffered an "injury in fact" in all claims alleging an injury to Victoria Itiowe, and thus has not met her burden of establishing constitutional standing. In light of Plaintiff's failure to establish an "injury-in-fact," the Court finds that it lacks jurisdiction to hear Plaintiff's claims brought on behalf of her sister. Therefore, any and all claims brought by Plaintiff alleging an injury suffered by Victoria Itiowe are dismissed with prejudice.[2]

### C. Plaintiff's Motion to Amend

Federal Rule of Civil Procedure 15(a) requires that leave to amend the pleadings be granted freely "when justice so requires." *Long v. Wilson,* 393 F.3d 390, 400 (3d Cir.2004). Therefore, motions to amend should be liberally granted, absent substantial prejudice, unless "denial can be grounded in bad faith or dilatory motive, truly undue or unexplained delay, repeated failure to cure deficiencies by amendments previously allowed or futility of amendment." *Lundy v. Adamar of New Jersey, Inc.,* 34 F.3d 1173, 1196 (3d Cir.1994) (internal citation omitted).

In deciding whether to grant leave to amend, "prejudice to the non-moving party is the touchstone for the denial of the amendment." *Bechtel v. Robinson,* 886 F.2d 644, 652 (3d Cir.1989) (quoting *Cornell & Co., Inc. v. Occupational Health and Safety Review Comm'n,* 573 F.2d 820, 823 (3d Cir.1978)). To establish prejudice, the non-moving party must make a showing that allowing the amended pleading would (1) require the non-moving party to expend significant additional resources to conduct discovery and prepare for trial, (2) significantly delay the resolution of the dispute, or (3) prevent a party from bringing a timely action in another

---

[2] If a complaint is subject to dismissal under Rule 12(b)(6), "a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F. 3d 224, 234 (3d Cir. 2008). Plaintiff's lack of standing to bring claims on behalf of her sister cannot be cured by amendment. Thus, the Court concludes that allowing Plaintiff to amend the claims brought on behalf of Victoria Itiowe would be futile.

jurisdiction. *See Long,* 393 F.3d at 400. Further, a proposed amendment is appropriately denied where it is futile. An amendment is futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck Imps., Inc.,* 133 F.R.D. 463, 468 (D.N.J.1990) (internal quotation marks and citations omitted). In determining whether an amendment is "insufficient on its face," the Court employs the Rule 12(b)(6) motion to dismiss standard. *See Alvin,* 227 F.3d at 121. Under Rule 12(b)(6), a motion to dismiss will be granted if the plaintiff fails to articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). When determining whether a claim should be dismissed under Rule 12(b)(6), the Court accepts as true all of the allegations contained in the complaint and draws reasonable inferences in favor of the plaintiff. *See Erickson v. Pardus,* 551 U.S. 89, 93-94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007).

Here, even construing Plaintiff's proposed amended complaint liberally in her favor, Plaintiff fails to state a claim for relief. As an initial matter, the Court has already granted Plaintiff one opportunity to amend her complaint by way of her *in forma pauperis* filing, and Plaintiff failed to cure the deficiencies in her pleading. Further, aside from making threatening remarks towards the Court and Defendants surrounding who is "scared to lose their stance in life," Plaintiff's amended complaint merely requests that criminal charges be brought against Defendants. This cannot withstand the standard(s) set forth in Rule 8 or Rule 12(b)(6) as a private plaintiff cannot force a criminal prosecution since the "authority to initiate a criminal complaint rests exclusively with state and federal prosecutors." *See Collyer v. Darling,* 98 F.3d 211, 222 (6th Cir.1996); *Mercer v. Lexington Fayette Urban County Gov't.,* 52 F.3d 325 (6th Cir.1995); *Forney v. Woodridge Hosp. & Johnson City Med. Ctr.,* 2005 U.S. Dist. LEXIS 37257, at *6 (E.D.Tenn. Sept. 14, 2005); *see also United States ex rel. Savage v. Arnold,* 403 F.Supp. 172 (E.D.Pa.1975) (stating

that a private party cannot, on his own, commence a criminal proceeding for failure to meet to comply with the requirements of Rules 3 and 4 of the Rules of Criminal Procedure and citing *United States v. Blierley,* 331 F.Supp. 1182 (W.D.Pa.1971); *Brown v. Duggan,* 329 F.Supp. 207 (W.D.Pa.1971); *United States ex rel. Spader v. Wilentz,* 25 F.R.D. 492 (D.N.J), *aff'd,* 280 F.2d 422 (3d Cir.), *cert. denied* 364 U.S. 875 (1960)).

The Court is also without authority to direct the filing of criminal charges on Plaintiff's behalf, since "[i]t is well established that private citizens can neither bring a direct criminal action against another person nor can they petition the federal courts to compel the criminal prosecution of another person." See *Maine v. Taylor,* 477 U.S. 131, 137 (1986); *Heckler v. Chaney,* 470 U.S. 821, 832 (1985); *Leeke v. Timmerman,* 454 U.S. 83, 86-87 (1981); *United States v. General Dynamics Corp.,* 828 F.2d 1356, 1366 (9th Cir.1987). Accordingly, "the district court [is obligated to] refus[e] fil[ing] criminal charges or ... compel[ing] prosecution based on those charges." *Ellen v. Stamm,* 1991 U.S.App. LEXIS 30558 (9th Cir. Dec. 19, 1991) (emphasis supplied), *cert. denied, Montalvo v. Stamm,* 506 U.S. 1047 (1993). As such, the Court finds that Plaintiff's proposed amendment is futile and therefore, Plaintiff's motion to amend her complaint is DENIED.

### III.  CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss [docket # 30] is GRANTED; Plaintiff's motion to change venue [docket # 44] is DENIED as it is now moot; and Plaintiff's motion to amend her complaint [docket #33] is DENIED.  Plaintiff's Complaint is DISMISSED without prejudice, with the exception of all claims brought on behalf of Victoria Itiowe, which are dismissed with prejudice.  An appropriate Order accompanies this Opinion.

Date:  October 20, 2014                                    /s/ Joel A. Pisano
                                                           JOEL A. PISANO
                                                           United States District Judge

7